IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )          Case No. CR-03-261-D
                                     )
RONALD D. KELLY,                     )
                                     )
                    Defendant.       )

# O R D E R

Defendant, appearing *pro se*, has filed a document entitled "Petition for Fast & Speedy Trial
or Dismissal of Charges" [Doc. No. 97]. He requests either the dismissal of an outstanding federal
warrant and detainer against him, or the prompt disposition of a pending federal charge. At the
Court's direction, the government has responded to the Petition.

Defendant is currently serving a prison sentence in thecustody of the Oklahoma Department
of Corrections based on criminal conduct that was also the subject of a federal arrest warrant issued
upon the Petition for Warrant or Summons for Offender Under Supervision [Doc. No. 94]. The
government's Petition seeks the revocation of Defendant's term of supervised release based on
allegations that he violated numerous conditions of supervision before he was taken into state
custody. Defendant states that a federal detainer has been lodged based on the warrant, and the
detainer negatively impacts his prison custody status and his opportunity to participate in
institutional programs. In his Petition, Defendant invokes his Sixth Amendment right to a speedy
trial and the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. app. 2, §§ 1-9. The Court
has liberally construed Defendant's Petition as a request for resolution of the outstanding federal
charge in accordance with Article III(a) of the IADA.

The government's response to Defendant's Petition addresses both his constitutional rights and the IADA. The government cites binding legal authority holding that "there is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators." *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008) (citing *Moody v. Doggett*, 429 U.S. 78, 89 (1976), and *Morrissey v. Brewer*, 408 U.S. 471 (1972)). Until the federal warrant is executed, Defendant is not entitled to the procedural protections of the Sixth Amendment. *See id.* Further, the Supreme Court has held that Article III(a) of the IADA is inapplicable to probation or parole violation detainers. *See Carchman v. Nash*, 473 U.S. 716, 726 (1985). The Tenth Circuit has extended this holding, and declared that federal defendants under supervision "have no legal right to receive an immediate hearing on their supervised release revocation." *Romero*, 511 F.3d at 1284.

 IT IS THEREFORE ORDERED that Defendant's Petition for Fast and Speedy Trial or Dismissal of Charges [Doc. No. 97] is DENIED.

IT IS SO ORDERED this 17th day of August, 2015.


_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE